UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                  :

      - v -                              :      07 Cr. 363 (KPC)

CHEREESE STEVENS,                         :
    a/k/a "Shay,"
                  Defendant.   :

- - - - - - - - - - - - - - - - - - - - - x


**GOVERNMENT'S REQUESTS TO CHARGE**


                      MICHAEL J. GARCIA
                      United States Attorney for the
                      Southern District of New York
                      Attorney for the United States
                          of America


CHI T. STEVE KWOK
Assistant United States Attorney

       - Of Counsel -

Dated:    New York, New York
           December 13, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                 :

          - v -                          :     07 Cr. 363 (KPC)

CHEREESE STEVENS,                        :
     a/k/a "Shay,"
                         Defendant.      :

- - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S REQUESTS TO CHARGE

          Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the Government respectfully requests that the Court
include the following instructions in its charge to the jury.
The Government also requests leave to offer such additional
instructions as may become appropriate during the course of the
trial.

**TABLE OF CONTENTS**

REQUEST NO.                                                    PAGE

1.   General Requests . . . . . . . . . . . . . . . . . . .   1

2.   The Indictment . . . . . . . . . . . . . . . . . . . .   2

3.   Summary of the Indictment  . . . . . . . . . . . . . .   3

4.   Count One: Theft, Embezzlement, or Misapplication
     by Bank Employee —
     General Instructions (18 U.S.C. § 656) . . . . . . . .   4

5.   First Element: Status of the Defendant . . . . . . . .   5

6.   Second Element: JPMorgan Chase was FDIC-Insured  . . .   6

7.   Third Element: Willful Misapplication
     or Embezzlement of Bank Funds  . . . . . . . . . . . .   7

8.   Fourth Element: Intent To Injure or Defraud  . . . . .   9

9.   Venue  . . . . . . . . . . . . . . . . . . . . . . . .  11

10.  Variance in Dates  . . . . . . . . . . . . . . . . . .  12

11.  Limiting Instruction - Similar Acts Evidence
     [If Applicable]  . . . . . . . . . . . . . . . . . . .  13

12.  Preparation of Witnesses
     [If Applicable]  . . . . . . . . . . . . . . . . . . .  15

13.  Informal Immunity of Government Witness  . . . . . . .  16
     [If Applicable]

14.  Testimony of Law Enforcement Witnesses . . . . . . . .  17
     [If Applicable]

15.  Defendant's Testimony
     [Requested Only If Defendant Testifies]  . . . . . . .  18

16.  Defendant's Right Not to Testify
     [If Requested By Defense] . . . . . . . . . . . . . . .  19

17.  Persons Not on Trial . . . . . . . . . . . . . . . . .  20

18.  Uncalled Witness - Equally Available to Both Sides
     [If Applicable]  . . . . . . . . . . . . . . . . . . .  21

19. Particular Investigative Techniques Not Required
    [If Applicable]  . . . . . . . . . . . . . . . . . 23

20. Evidence of Good Character
    [If Applicable]  . . . . . . . . . . . . . . . . . 24

21. Stipulation of Testimony
    [If Applicable]  . . . . . . . . . . . . . . . . . 25

22. Stipulation of Facts . . . . . . . . . . . . . . . 26
    [If Applicable]

23. Charts and Summaries . . . . . . . . . . . . . . . 27
    [If Applicable]

24. Conclusion . . . . . . . . . . . . . . . . . . . . 29

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Function of Court and Jury

b.    Indictment not Evidence

c.    Statements of Court and Counsel not Evidence

d.    Burden of Proof and Presumption of Innocence

e.    Reasonable Doubt

f.    Government Treated Like Any Other Party

g.    Inferences

h.    Definitions and Examples of Direct and Circumstantial Evidence

i.    Credibility of Witnesses

j.    Interest in Outcome

k.    Right to See Exhibits and Have Testimony Read During Deliberations

l.    Jury Recollection Controls

m.    Conflicting Evidence

n.    Sympathy:  Oath as Jurors

o.    Punishment Is Not to Be Considered by the Jury

p.    Verdict of Guilt Or Innocence Must Be Unanimous

**REQUEST NO. 2**

The Indictment

The defendant is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence or proof of these charges.

The Indictment in this case contains one count. I will first briefly summarize the offense charged in the Indictment against the defendant. Then I will explain in detail the elements of the offense.

Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 3-1.

## REQUEST NO. 3

### Summary of the Indictment

As I have said, the Indictment in this case contains one count, or charge, against the defendant, CHEREESE STEVENS, a/k/a "Shay."

Count One charges that from on or about May 20, 2005, up to and including on or about June 13, 2005, CHEREESE STEVENS, a/k/a "Shay," while employed by JPMorgan Chase Branch 014, located at 250 West 57th Street, New York, New York, stole multiple American Express Travelers Cheques, whose total value exceeded $1,000.

-3-

## REQUEST NO. 4

Count One: Theft, Embezzlement, or Misapplication
by Bank Employee –
General Instructions (18 U.S.C. § 656)

In order to sustain its burden of proof with respect to the allegation in Count One, the Government must prove beyond a reasonable doubt the following four elements:

First, that at the time the offense occurred, the defendant was an officer, director, agent or employee of, or was connected in some capacity with, JPMorgan Chase;

Second, that at the time of the offense, JPMorgan Chase was insured by the Federal Deposit Insurance Corporation ("FDIC");

Third, that the defendant willfully embezzled, abstracted, purloined, or misapplied moneys, funds, or credits belonging to JPMorgan Chase, or entrusted to the care and custody of that bank, in an amount exceeding $1,000; and

Fourth, that the defendant intended to defraud JPMorgan Chase.

Let us now separately consider these four elements.

Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 24.01; Also adapted from the charge of the Honorable Thomas G. Griesa in United States v. Morris, 03 Cr. 168 (TPG) (S.D.N.Y. 2003); see also United States v. Hanson, 161 F.3d 896 (5th Cir. 1998); United States v. Wolfswinkel, 44 F.3d 782 (9th Cir. 1995).

-4-

## REQUEST NO. 5

### First Element: Status of the Defendant

The first element the Government must prove beyond a reasonable doubt is that at the time the offense occurred, the defendant was an officer, director, agent, or employee of, or was connected in some capacity with, JPMorgan Chase.

The terms "officer," "director," "agent" and "employee" are self-explanatory. Being "connected in some capacity" with the bank means having some relationship with the bank that places the defendant in a position giving her access to the bank's assets, which do not have to be the same assets alleged to have been embezzled or misapplied.

> Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 24.4. Also adapted from the charge of the Honorable Thomas G. Griesa in United States v. Morris, 03 Cr. 168 (TPG) (S.D.N.Y. 2003). See also United States v. Doane, 975 F.2d 8 (1st Cir. 1992); United States v. Davis, 953 F.2d 1482 (10th Cir. 1992); United States v. Prater, 805 F.2d 1441 (11th Cir. 1986).

## REQUEST NO. 6

### Second Element: JPMorgan Chase Was FDIC-Insured

The second element that the Government must prove beyond a reasonable doubt is that JPMorgan Chase was insured by the Federal Deposit Insurance Corporation, or the FDIC, at the time of the offense.  It is not necessary that the Government prove that the defendant knew at the time of the offense that JPMorgan Chase was insured by the FDIC, or that the specific moneys or things of value that the defendant allegedly misapplied or embezzled were so insured.  The Government needs only prove that the bank was in fact insured by the FDIC at the time of the offense.

[As to this second element, there is no issue in this case since the parties have entered into a stipulation that was read to you earlier in which the parties agree that JPMorgan Chase was insured by the FDIC at the time in question.]

> Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 24.5.  Also adapted from the charge of the Honorable Edward Weinfeld in United States v. Corr, 543 F.2d 1042 (2d Cir. 1976).

### REQUEST NO. 7

#### Third Element: Willful Misapplication
#### or Embezzlement of Bank Funds

The third element that the Government must establish beyond a reasonable doubt is that the defendant willfully embezzled, abstracted, purloined, or misapplied moneys, funds, or credits belonging to JPMorgan Chase, or entrusted to the care and custody of that bank, in an amount exceeding $1,000.

Let me define some of the terms I just used.

"Embezzlement" is the intentional taking of money or property of another after that money or property lawfully came into the possession of the person taking it by virtue of some office, employment, or position of trust.  To take money or property means to deprive the owner of its use and benefit.

The terms "abstracting" and "purloining" are somewhat antiquated terms that mean simply stealing, which is the wrongful taking of money or property belonging to another with the intent to deprive the owner of its use or benefit either temporarily or permanently.

"Misapplication" of funds is the unauthorized, unjustifiable, or wrongful use of the bank's moneys, credit, securities, or assets.  Misapplication includes the wrongful taking or use of the bank's money for one's own benefit or the benefit of some other person.  However, the Government does not have to prove that the misapplication was directly connected to

-7-

the defendant's duties at the bank.

Finally, for this third element to be established, you need to find beyond a reasonable doubt that the value of the stolen or embezzled assets exceeded $1,000. However, the Government is not required to prove that the bank suffered an actual loss or that the defendant personally profited by her acts.

> Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 24.6. Also adapted from United States v. Gallagher, 576 F.2d 1028 (2d Cir. 1978); Moore v. United States, 160 U.S. 268, 269 (1895) (definition of "embezzlement"); United States v. Wester, 90 F.3d 592, 595 (1st Cir. 1996) (definition of "willful misapplication"); United States v. Wolfswinkel, 44 F.3d 782 (9th Cir. 1995) (same); United States v. Simpson, 950 F.2d 1519, 1523 n.1 (10th Cir. 1991) ; United States v. Cordell, 912 F.2d 769 (5th Cir. 1990).

**REQUEST NO. 8**

<u>Fourth Element: Intent To Injure or Defraud</u>

The fourth and final element that the Government must prove beyond a reasonable doubt is that the defendant acted willfully and with the intent to injure or defraud the bank.

To do an act "willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law. In contrast, the defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

To act with intent to injure or defraud means to act with the specific intent to deceive for the purpose of causing some financial or property loss. If you find that the defendant knowingly participated in deceptive or fraudulent acts which had the natural tendency to injure the bank, you may, but are not required to, infer that the defendant possessed an intent to injure or defraud the bank.

You may also consider whether the defendant acted in reckless disregard of the bank's interests. Intent to defraud may be inferred from acts knowingly done with a reckless disregard for the interests of the bank.

> Adapted from L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instrs. 24.7, 3A-3; <u>United States</u> v. <u>Castiglia</u>, 894 F.2d 533 (2d Cir. 1990), <u>cert. denied</u>, 492 U.S. 1004 (1990); <u>United States</u> v.

Moss, 628 F. Supp. 525 (S.D.N.Y. 1986), aff'd, 795 F.2d 1005 (2d Cir. 1986); United States v. Lung Fong Chen, 393 F.3d 139 (2d Cir. 2004); United States v. Bruun, 809 F.2d 397 (7th Cir. 1987); United States v. Dorge, 961 F.2d 1030 (2d Cir. 1992) (defining "willfully"); United States v. Farrell, 609 F.2d 816, 820 (5th Cir. 1980) (acts whose natural tendency is to injure the bank may give rise to an inference of the requisite specific intent); United States v. Cyr, 712 F.2d 729 (1st Cir. 1983) (the requisite intent can be inferred from the defendant's reckless disregard of the bank's interests) ; United States v. Larson, 581 F.2d 664, 667 (7th Cir. 1978) (same).

## REQUEST NO. 9

### Venue

In addition to the elements of the offenses that I have explained, you must consider whether any act in furtherance of the crime charged in the Indictment occurred within the Southern District of New York. As I have instructed you, the Southern District of New York includes Manhattan and the Bronx.

I should note that on this issue — and this issue alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime charged occurred in the Southern District of New York.

> Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 3-11, and from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991); see also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).
>
> See 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another, including mail fraud). See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard), cert. denied, 502 U.S. 1014 (1991).

-11-

## REQUEST NO. 10

Variance in Dates

It does not matter if the Indictment alleges that a specific event occurred during a certain time period, and the evidence indicated that in fact it occurred outside that time period.  The law only requires a substantial similarity between the time period alleged in the Indictment and the dates established by the evidence.

Adapted from L. Sand, et al., Modern Federal
Jury Instructions Instrs. 3-01, 3-12 & 3-13.

**REQUEST NO. 11**

Limiting Instruction - Similar Acts Evidence

[If Applicable]

The Government has offered evidence tending to show that on occasions other than that charged in the Indictment, the defendant engaged in other improper or unlawful activities.

In connection with that, let me remind you that the defendant is not on trial for committing acts that are not alleged in the Indictment. Accordingly, you may not consider any evidence of similar acts as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the similar acts has been admitted for a much more limited purpose, and you may consider it only for that limited purpose.

If you determine that the defendant committed the offense charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally, and not because of some mistake, accident or other innocent reasons.

As I said, evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not consider it as evidence that the defendant is of bad

-13-

character or has a propensity to commit crime.

>    Adapted from the charge of the Honorable John F.
>    Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365
>    (JFK) (S.D.N.Y. 1991), the charge of the Honorable
>    Allen G. Schwartz in <u>United States</u> v. <u>Percan</u>, 99
>    Cr. 392 (AGS) (S.D.N.Y. 1999), and from Sand <u>et
>    al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 5-25
>    & 5-26.

## REQUEST NO. 12

### Preparation of Witnesses

[If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

-15-

## REQUEST NO. 13

### Informal Immunity of Government Witness

[If Applicable]

You have heard the testimony of [NAME OF WITNESS] — who has been promised that in exchange for testifying truthfully, completely, and fully, he or she will not be prosecuted for any crimes which he or she may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witnesses, their attorneys, and the Government.

The Government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that his or her testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he or she will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests.

Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 7-9.

-16-

## REQUEST NO. 14

<u>Testimony of Law Enforcement Witnesses</u>

[If Applicable]

You have heard testimony of law enforcement officials. The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

-17-

## REQUEST NO. 15

### Defendant's Testimony

[Requested Only If Defendant Testifies]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and she was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Gaines, 457 F.3d 238, 249 n.9 (2d Cir. 2006).

## REQUEST NO. 16

### Defendant's Right Not to Testify

[If Requested By Defense]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that she is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against her may be drawn by you because she did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand et al., Modern Federal Jury
Instructions, Instr. 5-21.

**Request No. 17**

<u>Persons Not on Trial</u>

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in this Indictment or are not present at this trial.

In addition, you should not speculate as to the reasons that individuals other than the defendant are not defendants in this trial. Those matters are wholly outside your concern and have no bearing on your function as jurors in this trial.

> Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Bello</u>, 91 Cr. 571 (MBM) (S.D.N.Y.), <u>aff'd mem.</u> 990 F.2d 622 (2d Cir. 1993), and the charge of the Honorable Louis L. Stanton in <u>United States</u> v. <u>Nguyen</u>, 94 Cr. 541 (LLS) (1995).

## REQUEST NO. 18

### Uncalled Witness - Equally Available to Both Sides
[If Applicable]

Both the Government and the defendant have the same power to subpoena witnesses to testify on their behalf. If a potential witness could have been called by the Government or by the defendant and neither party called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the defendant or to both parties.

On the other hand, it is equally within your province to draw no inference at all from the failure of a party to call a witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

> Adapted from the charge of Judge Kenneth Conboy in United States v. Lew, 91 Cr. 361 (KC) (S.D.N.Y. 1991) and from Sand et al., Modern Federal Jury Instructions, Instr. 6-7. See generally United States v. Erb, 543 F.2d 438, 444 (2d Cir.) (discussing propriety of missing witness charges), cert. denied, 429 U.S. 981 (1976).

> "[W]hen a witness is equally available to both sides, 'the failure to produce is open to an inference against both parties.' No instruction is necessary where the unpresented testimony would be merely cumulative." United States v. Torres, 845

-21-

F.2d 1165, 1169 (2d Cir. 1988) (citations
omitted) (emphasis in original).  See also
United States v. Nichols, 912 F.2d 598, 601
(2d Cir. 1990) (whether to give charge is
committed to discretion of trial judge;
generally discussing applicable standards).

## REQUEST NO. 19

## Particular Investigative Techniques Not Required

[If Applicable]

You have heard reference, in the testimony and in the arguments of defense counsel in this case, about the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Judge John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

**REQUEST NO. 20**

<u>Evidence of Good Character</u>

[If Applicable]

There is testimony in this case of the previous good character of the defendant. This testimony is not to be taken by you as the witnesses' opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. [IF APPLICABLE: Indeed, some of the character witnesses testified that they had no direct, personal knowledge of the facts and circumstances which were the focus of this case.] You should consider evidence of good character together with all other facts and all the other evidence in determining the guilt or innocence of the defendant. Evidence of good character may in itself create a reasonable doubt where without such evidence no reasonable doubt exists. But if from all the evidence you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that the defendant previously enjoyed a reputation of good character does not justify or excuse the offense, and you should not acquit the defendant merely because you believe that he had been a person of good repute.

> <u>United States</u> v. <u>Birnbaum</u>, 377 F.2d 490 (2d Cir. 1964); <u>United States</u> v. <u>Kabot</u>, 295 F.2d 848, 855 (2d Cir. 1961), <u>cert. denied</u>, 369 U.S. 803 (1962).

## REQUEST NO. 21

<u>Stipulations of Testimony</u>

[If Applicable]

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. It is for you to determine, however, the effect to be given that testimony.

## REQUEST NO. 22

### Stipulation of Facts

[If Applicable]

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

        Sand et al., Modern Federal Jury
        Instructions, Instr. 5-6.

**Request No. 23**

Charts and Summaries

[If Applicable]

Some of the exhibits that were admitted into evidence were charts. These charts were introduced basically as summaries. They are not direct evidence really. They are summaries of the evidence, and are admitted as aids to you. They are not in and of themselves any evidence. They are intended to be of assistance to you in your deliberations.

In presenting the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony and documents are.

To the extent that the charts conform with what you determine the underlying evidence to be, you accept them. But one way or the other, realize that the chart is not in and of itself direct evidence. They are merely visual aids. They are nothing more.

> From the charge of the Honorable Kevin Thomas Duffy in United States v. Castellano, SSS 84 Cr. 63, aff'd in part and rev'd in part sub nom. United States v. Gaggi, 811 F.2d 47 (2d Cir.),

-27-

cert. denied, 482 U.S. 929 (1987), Tr. at 7019-20.

## REQUEST NO. 24

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

-29-

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Adapted from the charge of the Honorable Arnold Bauman in United States v. Soldaro, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973). See also United States v. Corr, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), aff'd, 543 F.2d 1042 (2d Cir. 1970).

Dated:    New York, New York
          December 13, 2007

                    Respectfully submitted,

                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for the United States
                    of America

          By:    _____
                 CHI T. STEVE KWOK
                 Assistant United States Attorney
                 Telephone:  (212) 637-2415

CERTIFICATE OF SERVICE

     CHI T. STEVE KWOK deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York,

     And that on December 13, 2007, he caused a copy of the attached Government's Requests to Charge to be served, by hand, upon:

> Peggy Cross, Esq.
> Federal Defenders of New York, Inc.
> 52 Duane Street
> 10th Floor
> New York, NY 10007

     I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.

Dated:  New York, New York
       December 13, 2007

CHI T. STEVE KWOK

-31-